```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


UNITED STATES OF AMERICA      :     DOCKET NO.  3:02CR280(CFD)
                              :
          v.                  :
                              :
BRUNILDA QUINONES             :     June 2, 2005
                              :
```

**GOVERNMENT'S SECOND SENTENCING MEMORANDUM**

On June 1, 2005, the Government received the defendant's sentencing memo that requests (1) a downward departure under U.S.S.G. § 5K2.13 because the defendant's crime was committed in light of her reduced mental capacity; (2) a downward departure under U.S.S.G. § 5K2.12 because the defendant was coerced by her co-defendant into committing the crime and (3) that the Court impose a non-Guideline sentence in light of the Supreme Court's decision in Booker.  Sentencing is scheduled for June 3, 2005.

**A.  Departure under U.S.S.G. § 5K2.13**

The defendant first claims that she suffers from a "reduced mental capacity" as that term is used in § 5K2.13.  Section 5K2.13 "establishes that two elements are required for a downward departure: 'reduced mental capacity and a causal link between that reduced mental capacity and the commission of the charged offense.'" United States v. Prescott, 920 F.2d 139, 142, 145-46 (2d Cir. 1990)(concluding that there was no causal link between the defendant's personality disorder and his distribution of cocaine); see also United States v. Piervinanzi, 23 F.3d 670, 684

(2d Cir. 1994). "To establish diminished capacity ... a defendant [must establish] by a preponderance of the evidence that she suffers from 'reduced mental capacity' and that a 'causal link [exists] between that reduced capacity and the commission of the charged offense.'" United States v. Ventrilla, 233 F.3d 166, 169 (2d Cir. 2000)(per curiam)(citations omitted). Accordingly, there must be a connection between the reduced mental capacity and the criminal activity itself. Id. It is the defendant's burden to prove by a preponderance of the evidence that such a departure is warranted. United States v. Harris, 79 F.3d 223, 233 (2d Cir. 1996).

    Even if the Court finds that the defendant suffers from a diminished mental capacity, the defendant has not established the required causation element. See e.g. United States v. Ventrilla, 233 F.3d 166, 169 (2d Cir. 2000)(per curiam). From a review of the PSR, it is undisputed that the defendant's mental capacities are sufficient to allow her to autonomously function as an adult in society. Even if she suffers from below average intelligence, there is no causal link between this reduced mental capacity and the crime of selling crack cocaine. Further, there is no evidence that the defendant is addicted to crack cocaine, did not understand that she was selling crack cocaine, or did not understand that selling crack cocaine was against the law. Indeed, other courts have concluded that "it really doesn't

2

require a great amount of intellectual sophistication to sell drugs or to understand that it is unlawful." United States v. Leandre, 132 F.3d 796, 804 (D.C. Cir. 1998)(upholding the denial of a downward departure on grounds of diminished capacity for a defendant who had delivered drugs, had an IQ of 66, suffered from depression, and worked as a plumber and a cook). In this case, there is no link between the defendant's alleged mental condition and the fact that she facilitated the sale crack cocaine.[1] A departure is not warranted for this reason.

### B. Departure Under U.S.S.G. § 5K2.12

Under U.S.S.G. 5K2.12, the Guidelines require "an objective showing that a reasonable person would have been coerced" under the particular circumstances of the defendant's case." United States v. Cotto, 347 F.3d 441, 445 (2nd Cir. 2003), quoting United States v. Smith, 987 F.2d 888, 891 (2d Cir.1993); accord United States v. Sachdev, 279 F.3d 25, 29 (1st Cir.2002) (requiring the district court considering a departure to "objectively determine whether a reasonable person in defendant's position would perceive there to be a threat"). The defendant must also show that the coercion caused her to commit the

---

[1] In her brief, the defendant cites to the fact that she suffered from battered women's syndrome in the context of her argument under § 5K2.13. As discussed later in the brief, caselaw suggests that this argument is more properly associated with a request for a departure under § 5K2.12. See e.g. United States v, Johnson, 956 F.2d 894 (9th Cir, 1992).

offense.  See U.S.S.G. § 5K2.12 (requiring defendant to commit offense "because of serious coercion ... or duress" to warrant departure (emphasis added)); United States v. Amor, 24 F.3d 432, 439 (2d Cir.1994) (finding that there must be a "causal nexus" between the coercion and the charged offense).  Absent specific serious threats, coercion must be present in some unusual or exceptional way to warrant a departure from the Guideline range. Cotto at 445, quoting United States v. King, 280 F.3d 886, 890, (8th Cir. 2002)(internal quotes omitted).

In her brief, the defendant cites to the 9th Circuit's holding in United States v, Johnson, 956 F.2d 894 (9th Cir, 1992).  In discussing the holding in Johnson, the Second Circuit stated that "[i]n Johnson, evidence that this defendant had been suffering from battered women's syndrome had been presented at trial to establish the affirmative defense of duress, and the Ninth Circuit then considered that evidence in the context of sentencing.  As noted above, . . . we disagree with Johnson's holding that the defendant's subjective perception may be taken into account in considering a downward departure." Cotto at FN 6.  The Second Circuit noted, however, "that considering the circumstances of the defendant's association with the coercive parties, and the reasonableness of the defendant's fear in light of those circumstances, is not inconsistent with the objective standard by which the fear should be measured.  Fear that is

4

unreasonable or disproportionate in some situations may become quite reasonable in light of a history of abuse directed at the defendant." Id. Under a traditional Guidelines analysis, the court should determine whether the defendant has met her burden for a departure under this standard.

In this case, the undisputed facts reveal that on July 9, 2002, the defendant met an undercover DEA agent who had checked into the motel were the defendant was employed. Upon his inquiry, she offered to supply him with narcotics. At that time, the agent was not specifically investigating either the defendant or her husband, but was in Hartford for the purpose of making undercover purchases of narcotics. The defendant claimed to have narcotics in her car and offered to sell them to the agent, but that deal was not completed. PSR ¶ 6. Instead, on July 10, 2002, she introduced the agent to her husband. PSR ¶ 7. Subsequently, she and her husband were arrested after they sold crack cocaine to the DEA. On April 24, 2003, the defendant explained to the probation officer that she assisted her husband in his sale of crack cocaine, and thus was familiar with the appropriate prices. The Government agrees that she played a minor role in the offense conduct. In this case, however, the Government does not believe that the defendant has met her burden for a downward departure under § 5K2.12.

Finally, for the reasons stated in its first sentencing memorandum, the Government does not oppose a non-Guidelines sentence in this case.

>     Respectfully submitted,
>
>     KEVIN J. O'CONNOR
>     UNITED STATES ATTORNEY
>
>
>     RAYMOND F. MILLER
>     ASSISTANT UNITED STATES ATTORNEY
>     FEDERAL BAR NO. CT 20451
>     157 CHURCH STREET
>     NEW HAVEN, CONNECTICUT
>     (203) 821-3700

## CERTIFICATION OF SERVICE

This is to certify that a copy of the within and foregoing has been **faxed**, this 2nd day of June, 2005 to:

Richard Cramer, Esq.
449 Silas Deane Highway
Wethersfield, CT 06109

>     _____
>     RAYMOND F. MILLER
>     ASSISTANT UNITED STATES ATTORNEY